**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TINNEKKIA WILLIAMS,<br><br>                Plaintiff-Appellant,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Defendant-Appellee. | No.   22-35538<br><br>D.C. No. 1:20-cv-00049-TJC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted June 9, 2023[**]
Seattle, Washington

Before: BEA and BRESS, Circuit Judges, and OHTA,[***] District Judge.

Appellant Tinnekkia Williams appeals the district court's affirmance of the

Commissioner of Social Security's denial of disability benefits. Because the parties

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

are familiar with the facts, we recount them only as necessary to our disposition of this appeal. We affirm.

1.	The Administrative Law Judge ("ALJ") provided clear and convincing reasons to discount Williams's subjective symptom testimony. The ALJ cited medical evidence inconsistent with the intensity of Williams's reported depression symptoms, *see Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022), cited Williams's failure to report her depression symptoms to her providers, *see Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006), and cited Williams's "tendency to exaggerate" her symptoms, especially those related to her migraines, *see Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). In light of the foregoing, the ALJ's credibility finding is supported by substantial evidence even if the ALJ incorrectly relied in part on Williams's work attempt in 2018. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008).

2.	The ALJ was not required to incorporate two days of missed work per month into the hypothetical posed to the vocational expert. An ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (citation omitted). Because the medical record did not provide substantial evidence that Williams needed to miss two or more days of work per month, the ALJ was not required to accept this alleged limitation. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th

Cir. 1989) ("The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by [claimant].").

3. Williams forfeited review of any other issues by failing to raise them in the "statement of the issues" or "summary of the argument" sections of her opening brief. *See Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010).

**AFFIRMED**.